UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHEAL JEFFERSON,

    Plaintiff,

v.

MARGARET GILBERT, et al.,

    Defendants.

CASE NO. 3:19-CV-05121-RJB-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United State Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Micheal Jefferson's Application for Court-Appointed Counsel ("Motion"). Dkt. 8.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states that although he has made efforts to retain counsel, these efforts have been unsuccessful. Dkt. 8, p. 2. He also states that due to an injury to his dominant eye, it is "impossible to read legal pleadings and legal research." *See id.* Despite Plaintiff's assertion that he needs counsel, he has not demonstrated exceptional circumstances exist in this case. Because Plaintiff's case is still in its early stages, the Court cannot yet determine his likelihood of success on the merits. The Court also notes his case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Accordingly, the Motion (Dkt. 8) is denied without prejudice.

Dated this 21st day of March, 2019.

David W. Christel
United States Magistrate Judge