UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHEAL JEFFERSON,

        Plaintiff,

   v.

MARGARET GILBERT, et al.,

        Defendants.

CASE NO. 3:19-CV-5121-RJB-DWC

ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS AND REQUEST FOR COUNSEL

Plaintiff Micheal Jefferson, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 13, 2019. *See* Dkt. 5-7. Currently before the Court are Plaintiff's five Motions related to discovery and an Application for Court Appointed Counsel ("Motion for Counsel"). Dkt. 36, 37, 40, 41, 42, 43. After consideration of the record and the Motions, the Motions (Dkt. 36, 37, 40, 41, 42, 43) are denied.

**I.    Discovery Motions (Dkt. 36, 37, 40, 41, 43)**

A.  *Requests for Discovery (Dkt. 36, 43)*

On February 21, 2020, Plaintiff sent a letter to the Clerk of Court requesting discovery related assistance. Dkt. 36. Plaintiff states he does not know how to arrange the depositions of

1 ten Defendants and requests a date and time to serve subpoenas on each Defendant. Dkt. 36. On
2 March 24, 2020, Plaintiff sent a subpoena form to the Court with attached discovery requests.
3 Dkt. 43.

4       Plaintiff is requesting the Court assist him in conducting discovery as well as serving
5 discovery on Defendants. Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve
6 on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through
7 the Court. *See* Local Civil Rule ("LCR") 5 ("discovery requests and responses must not be filed
8 until they are used in the proceedings or the court orders filing"). If Plaintiff wishes to conduct
9 discovery, he must mail discovery requests to Defendants' counsel. Accordingly, Plaintiff's
10 Motions (Dkt. 36, 43) are denied.

11       B. *Letter Requesting Assistance (Dkt. 37)*

12       In a February 28, 2020 letter sent to the Clerk of Court, Plaintiff states he cannot contact
13 the Assistant Attorney General assigned to his case, Elliot Dustin Tiller, and states he sent a
14 letter requesting a conference call with Mr. Tiller to discuss discovery related matters. Dkt. 37.
15 Defendants filed a Response and evidence that Plaintiff and Mr. Tiller spoke on March 4, 2020
16 regarding discovery matters. Dkt. 38, 39, Tiller Dec., ¶¶ 4-6. As Plaintiff and Mr. Tiller had a
17 telephone conference after Plaintiff submitted the February 28, 2020 letter, the Court finds
18 Plaintiff's request for assistance in speaking with Mr. Tiller moot.

19       In the letter, Plaintiff also alleges he has been unable to have private access to transcripts
20 from depositions. Dkt. 37. Evidence shows Plaintiff was asked to review a copy of his deposition
21 transcript to make any corrections and complete his deposition errata sheet. *See* Dkt. 46; Dkt. 47,
22 Tiller Dec., ¶ 7; Dkt. 48, Lane Dec., ¶¶ 4-6. There is no evidence Plaintiff has been denied the
23 ability to have a copy of his complete deposition. Therefore, the Court declines to direct
24

Defendants to provide Plaintiff with a copy of his deposition transcript for his private review. *See Rodgers v. Martin*, 2014 WL 4344499, at *6-7 (E.D. Cal. Aug. 29, 2014) (denying a prisoner plaintiff's request for the defendants to produce a copy of the plaintiff's deposition to him because it was available to the plaintiff at cost).

Last, Plaintiff states he does not have funds to pay for copies of the deposition transcripts. Dkt. 37. "The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation." *Hollis v. Sloan*, 2012 WL 5304756, at *5 (E.D. Cal. Oct. 25, 2012). To the extent Plaintiff is requesting funds to pay for copies of depositions transcripts, the request is denied.

For the above stated reasons, Plaintiff's request for Court assistance in his February 28, 2020 letter (Dkt. 37) is denied.

C. *Motion to Compel Initial Disclosures (Dkt. 40)*

Plaintiff filed a Motion to Compel Disclosure of Discovery on March 24, 2020, wherein he requests the Court compel Defendants to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26. Dkt. 40. Under Rule 26(a)(1)(B)(iv), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure requirements. Plaintiff is proceeding without an attorney and is in the custody of the State of Washington. Therefore, this action is exempt from initial disclosures and the Court declines to require Defendants to provide initial disclosures. Accordingly, Plaintiff's Motion to Compel Initial Disclosures (Dkt. 40) is denied.

D. *Motion Requesting Guidance (Dkt. 41)*

On March 24, 2020, Plaintiff filed a Motion Requesting Guidance from Court Over Interference from Defendants and Agents (DOC) in Plaintiff's Civil Action. Dkt. 41. Plaintiff

asserts there has been a breakdown in communication between Plaintiff and Mr. Tiller. *Id*. Plaintiff also contends William Lane, a Washington State Department of Corrections ("DOC") employee, is acting as an agent for Mr. Tiller and is limiting Plaintiff's ability to review his case documents and access telephonic hearings. *Id*. Finally, Plaintiff states the DOC is interfering with Plaintiff's legal mail. *Id*. Plaintiff requests the Court (1) provide Plaintiff with guidance, (2) instruct meaningful communication between Plaintiff and Mr. Tiller, and (3) direct Mr. Lane to stop acting as an "agent" for Mr. Tiller. *Id*.[1]

First, Plaintiff requests the Court provide guidance regarding the allegations contained within his Motion Requesting Guidance. Dkt. 41, p. 3. The Court declines to provide Plaintiff with legal advice. *Stockton v. Billings*, 2010 WL 1949204, at *2, n.1 (E.D. Cal. May 13, 2010) ("the Court cannot provide legal advice to litigants, even when they are *pro se* litigants who lack legal training or understanding"). Thus, Plaintiff's request for guidance is denied.[2]

Second, Plaintiff requests the Court direct meaningful communication between Plaintiff and Mr. Tiller. Dkt. 41, p. 3. The evidence shows Mr. Tiller provided discovery responses to Plaintiff on February 6, 2020. Dkt. 47, Tiller Dec., ¶ 4. On February 24, 2020, Mr. Tiller received Plaintiff's request for a telephone conference to discuss a discovery dispute. *Id*. at ¶ 5. Plaintiff and Mr. Tiller communicated by telephone on March 4, 2020 and March 18, 2020 regarding discovery disputes. *Id*. at ¶¶ 7-10. On March 20, 2020, Mr. Tiller served a supplemental response to Plaintiff's discovery requests, which included over 230 pages of

---

[1] Plaintiff requests a hearing on his Motion Requesting Guidance. Dkt. 41, p. 2. The Court has reviewed the record and finds a hearing is not necessary to decide this Motion.

[2] The Court notes allegations in the Motion Requesting Guidance are unrelated to the allegations in the Amended Complaint. *See* Dkt. 17 (allegations of deliberate indifference); Dkt. 41 (allegations of tampering with legal mail and denial of access to legal materials and hearings). If Plaintiff wishes to pursue the claims alleged in the Motion Requesting Guidance, he must file a separate action.

responsive records. *Id.* at ¶ 13. Four business days after Plaintiff and Mr. Tiller's last phone conference, Plaintiff filed the Motion Requesting Guidance contending there had been a breakdown in communication. *See* Dkt. 41. Based on the record before the Court, the parties have been actively communicating through letters and telephone conferences and Mr. Tiller has provided responses to Plaintiff's discovery requests. Therefore, Plaintiff's request for a Court order directing meaningful communication between Plaintiff and Mr. Tiller is denied.

Third, Plaintiff requests the Court direct Mr. Lane to not act as an agent for Mr. Tiller. Dkt. 41, p. 3.[3] Evidence shows Mr. Lane advised Plaintiff that a copy of Plaintiff's deposition transcript was available for his review. Dkt. 48, Lane Dec., ¶ 4. The Stafford Creek Corrections Center ("SCCC") legal liaison office advised Mr. Lane that the deposition transcript should remain in Mr. Lane's custody and would need to be returned to the legal liaison office with the correction sheet. *Id.* at ¶ 5. Mr. Lane was not to release the deposition transcript to Plaintiff outside Mr. Lane's custody. *Id.* Plaintiff did not review the deposition transcript, despite Mr. Lane providing Plaintiff several opportunities to do so. *See id.* at ¶¶ 6-17. Mr. Lane also advised Plaintiff that he "was not the 'go-between' for [Plaintiff] and the Attorney General's Office." *Id.* at ¶ 18.

While Plaintiff states Mr. Lane could access his case file, there is no evidence beyond Plaintiff's conclusory allegation that Mr. Lane had access to Plaintiff's case file. *See* Dkt. 41, p. 4. Further, the evidence does not show Mr. Lane took notes at conferences between Plaintiff and Mr. Tiller. Instead, the evidence shows Mr. Lane was responsible for assisting Plaintiff in

---

[3] Plaintiff requests Mr. Lane not act as an agent for the federal government. Dkt. 41, p. 3. The Court presumes Plaintiff seeks an order directing Mr. Lane to not act as an agent for the Washington State Attorney General's Office, not the federal government. The Court notes, however, there is no evidence Mr. Lane has any affiliation with the federal government. Thus, to the extent Plaintiff is requesting Mr. Lane be instructed to not act as an agent for the federal government, this request is denied.

completing Plaintiff's deposition transcript correction sheet. There is no evidence showing Mr. Lane was acting as an "agent" for Mr. Tiller.

In sum, the Court declines to: provide Plaintiff guidance on how to litigate his case or pursue claims against the DOC for tampering with his legal mail, instruct Mr. Tiller to have meaningful communication with Plaintiff, or direct Mr. Lane to not act as an agent for Mr. Tiller. Therefore, Plaintiff's Motion Requesting Guidance (Dkt. 41) is denied.

## II. Motion for Counsel (Dkt. 42)

Plaintiff filed his second Motion for Counsel on March 24, 2020. Dkt. 29.[4] Defendants filed a Response on April 3, 2020, requesting the Court deny the Motion for Counsel. Dkt. 51.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[4] Plaintiff's first motion requesting Court-appointed counsel was denied on March 21, 2019. *See* Dkt. 9.

In the Motion for Counsel, Plaintiff requests Court-appointed counsel because his case is complex, he has limited education and lacks access to legal materials, and the DOC is tampering with his legal mail. Dkt. 42. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. Plaintiff has filed multiple motions that are understandable to the Court, showing Plaintiff has the ability to litigate this case without the assistance of Court-appointed counsel. Additionally, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). As such, the Court finds Plaintiff has failed to show the appointment of counsel is warranted at this time. Therefore, Plaintiff's Motion for Counsel (Dkt. 42) is denied without prejudice.

### III. Conclusion

For the above stated reasons, Plaintiff's discovery-related Motions (Dkt. 36, 37, 30, 41, 43) and Motion for Counsel (Dkt. 42) are denied.

Dated this 14th day of April, 2020.

David W. Christel
United States Magistrate Judge