UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHEAL JEFFERSON, <br><br> Plaintiff, <br><br> v. <br><br> MARGARET GILBERT, et al., <br><br> Defendants. | CASE NO. 3:19-CV-5121-RJB-DWC <br><br> ORDER DENYING MOTION FOR COURT ORDER |

Plaintiff Micheal Jefferson, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. 7. On June 15, 2020, Plaintiff filed a "Motion for Order to Allow that only Plaintiff has Sole Access to his Mail/with no Further Interference from William Lane and Counsel." Dkt. 62. In the Motion, Plaintiff complains about the process for receiving his legal mail at Stafford Creek Corrections Center ("SCCC"). *Id*. He also complains about non-party William Lane's conduct toward Plaintiff regarding Plaintiff's legal mail. *Id*. Plaintiff requests the Court enter an order directing all documents to be provided directly to Plaintiff and that Plaintiff be required to sign for all legal mail deliveries. *Id*.

1  The Supreme Court has "recognized that experienced prison administrators, and not judges, are in the best position to supervise the daily operations of prisons across this country." *Johnson v. California*, 543 U.S. 499, 529 (2005). Here, Plaintiff is requesting the Court involve itself in the daily operations of SCCC and its decisions regarding the delivery of mail and documents. *See* Dkt. 62. The Court has reviewed the Motion and declines to insert itself into the daily operations of SCCC. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977) (courts must give "appropriate deference to the decisions of prison administrators"). Therefore, the Court declines to enter an order directing all documents to be provided directly to Plaintiff and that Plaintiff be required to sign for all legal mail deliveries.

The Court further notes Mr. Lane is not a party to this lawsuit and the complaints raised in the Motion are unrelated to the claims raised in the Amended Complaint. *See* Dkt. 17. If Plaintiff wishes to pursue claims against Mr. Lane or related to his access to his legal documents, he must file a separate § 1983 case.

Accordingly, Plaintiff's Motion (Dkt. 62) is denied.

Dated this 13th day of August, 2020.

David W. Christel
United States Magistrate Judge