UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHEAL JEFFERSON,

    Plaintiff,

v.

MARGARET GILBERT, et al.,

    Defendant.

CASE NO. 3:19-CV-5121-RJB-DWC

ORDER DENYING RULE 56(D) MOTION AND GRANTING EXTENSION OF TIME

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Micheal Jefferson's Motions for relief under Federal Rule of Civil Procedure 56(d) and Motion for Extension of Time. Dkt. 78, 82, 83. After consideration of the relevant record, the Court denies Plaintiff's Motions (Dkt. 78, 83) for an extension to complete discovery under Rule 56(d) and grants Plaintiff's Motion for Extension of Time (Dkt. 82).

**I.    Background**

On October 7, 2019, the Court entered a Pretrial Scheduling Order, which required all discovery to be completed by February 7, 2020. Dkt. 29. Plaintiff requested an extension of time to complete discovery on January 2, 2020. Dkt. 32. Defendants did not oppose the extension of time and, on January 24, 2020, the Court entered an Amended Pretrial Scheduling Order extending the discovery deadline to June 7, 2020. Dkt. 35. Plaintiff requested additional

extensions of time complete discovery, which were denied. *See* Dkt. 58, 63. On July 7, 2020, a month after discovery closed, Defendants filed a timely Motion for Summary Judgment. Dkt. 66.

Plaintiff seeks an extension to time to complete additional discovery to respond to Defendants' Motion for Summary Judgment and an extension of time to respond to Defendants' Motion for Summary Judgment because of restrictions due to the Covid-19 pandemic. Dkt. 78, 82, 83. Defendants filed a response to Plaintiff's request for an extension under Rule 56(d), but did not file a response to Plaintiff's general request for an extension of time due to Covid-19. *See* Dkt. 79.

**II.    Discussion**

A.  Rule 56(d) Extension (Dkt. 78, 83)

Plaintiff first requests an extension of time to complete additional discovery and obtain additional documents under Rule 56(d). Dkt. 78, 83. Defendants assert Plaintiff has not shown additional evidence exists and that he has diligently pursued the evidence in discovery. Dkt. 79. The Court agrees with Defendants.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely

extensions of time complete discovery, which were denied. *See* Dkt. 58, 63. On July 7, 2020, a month after discovery closed, Defendants filed a timely Motion for Summary Judgment. Dkt. 66.

Plaintiff seeks an extension to time to complete additional discovery to respond to Defendants' Motion for Summary Judgment and an extension of time to respond to Defendants' Motion for Summary Judgment because of restrictions due to the Covid-19 pandemic. Dkt. 78, 82, 83. Defendants filed a response to Plaintiff's request for an extension under Rule 56(d), but did not file a response to Plaintiff's general request for an extension of time due to Covid-19. *See* Dkt. 79.

**II.    Discussion**

A.  Rule 56(d) Extension (Dkt. 78, 83)

Plaintiff first requests an extension of time to complete additional discovery and obtain additional documents under Rule 56(d). Dkt. 78, 83. Defendants assert Plaintiff has not shown additional evidence exists and that he has diligently pursued the evidence in discovery. Dkt. 79. The Court agrees with Defendants.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely

application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Here, discovery began on October 7, 2019. Dkt. 29. The Court extended the discovery deadline to June 7, 2020. Dkt. 35. Thus, Plaintiff had eight months to conduct discovery. Plaintiff does not explain why he did not attempt to depose Defendants and witnesses during the discovery period, serve relevant discovery requests, or attempt to confer with Defendants' counsel regarding discovery disputes. *See* Dkt. 78, 83. Further, it is not clear the alleged discovery Plaintiff seeks to obtain exists or is relevant to the Court's decision on Defendants' Motion for Summary Judgment. Rather, Plaintiff appears to seek an extension of time to obtain additional discovery now that he has been made aware of Defendants' arguments in the Motion for Summary Judgment. For these reasons, the Court declines to re-open the discovery period and allow Plaintiff an additional period of time to conduct discovery in response to Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's requests (Dkt. 78, 83) for an extension of time to complete discovery under Rule 56(d) are denied.

B.  Motion for Extension of Time (Dkt. 82)

Plaintiff also filed a Motion for Extension of Time requesting an extension of time to litigate this case because the Covid-19 pandemic has limited his ability to access the law library. Dkt. 82. Defendants did not respond to Plaintiff's Motion for Extension of Time.

1  In response to Defendants' Motion for Summary Judgment, Plaintiff filed the request for
2  an extension under Rule 56(d). *See* Dkt. 78. It does not appear Plaintiff fully responded to
3  Defendants' Motion for Summary Judgment. In light of the Covid-19 pandemic and the Court's
4  decision denying Plaintiff's request for an extension under Rule 56(d), the Court finds an
5  extension of time to respond to Defendants' Motion for Summary Judgment is warranted.
6  Therefore, Plaintiff's Motion for Extension of Time (Dkt. 82) is granted as follows: Plaintiff
7  shall have until September 21, 2020 to file a response to Defendants' Motion for Summary
8  Judgment.

9  The Court, however, continues to find Plaintiff has a history of attempting to extend this
10  case, possibly attempting to delay resolution. As such, Plaintiff should refrain from filing any
11  additional requests for extension of time.

12  **III.  Conclusion**

13  For the above stated reasons, Plaintiff's requests (Dkt. 78, 83) for an extension of time to
14  complete additional discovery under Rule 56(d) is denied. Plaintiff's Motion for Extension of
15  Time (Dkt. 82) is granted as follows: Plaintiff shall have until September 21, 2020 to file any
16  supplemental response to Defendants' Motion for Summary Judgment. Defendants may file a
17  supplemental reply on or before September 25, 2020.

18  The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 66) for
19  September 25, 2020.

20  Dated this 21st day of August, 2020.

David W. Christel
United States Magistrate Judge