UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHEAL JEFFERSON,

    Plaintiff,

v.

MARGARET GILBERT, et al.,

    Defendant.

CASE NO. 3:19-CV-5121-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: November 20, 2020

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Micheal Jefferson, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in February of 2019.

Plaintiff, an inmate at the Stafford Creek Corrections Center ("SCCC"), claims Defendants violated his constitutional rights when they caused a delay in Plaintiff receiving medical treatment for his eye, amounting to deliberate indifference under the Eighth Amendment. Dkt. 17. However, Plaintiff has not demonstrated that he exhausted all the administrative remedies available to him. Therefore, the Court recommends that Defendants' Motion for Summary Judgment ("Motion") be granted and Plaintiff's action be dismissed.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff filed his Complaint in March of 2019. Dkt. 7. Pursuant to this Court's Order, he filed an Amended Complaint in July of 2019. Dkt. 17. Plaintiff alleges he has glaucoma and in February 2016 was having "major problems with his right eye" and requested that a medical emergency be declared. Dkt. 17 at p. 6. He alleges Defendants caused a significant delay in receiving medical treatment for an inflammatory condition of his right eye. *Id*. at pp. 6-16. He claims that, by delaying treatment for his eye, Defendants acted with deliberate indifference to his serious medical need. *Id*. at pp. 17-21.

On July 7, 2020, Defendants filed their Motion. Dkt. 66. They argue the Motion should be granted on the grounds that (1) Plaintiff failed to exhaust the administrative remedies available to him; (2) Plaintiff cannot show that any Defendant acted out of a deliberate indifference to his serious medical needs; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff has failed to state a claim as to Defendants Dennis Dahne, Margaret G. Gilbert, and Scott Light. *Id*. Following Defendants' Motion, Plaintiff filed a Response/Declaration (Dkt. 78), Defendants filed a Reply (Dkt. 79), and Plaintiff filed a Surreply (Dkt. 80). After Plaintiff filed a Motion to Continue Defendants' Motion, this Court granted an extension of time allowing Plaintiff to file a supplemental response to Defendants' Motion. Dkts. 81, 82, 83, 85. Plaintiff filed his supplemental response to Defendants' Motion on September 25, 2020. Dkt. 88.

**STANDARD OF REVIEW**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

Plaintiff alleges the following claims in his Amended Complaint: Plaintiff's Eighth Amendement rights were violated when (A) Defendants Gilbert, Dennis Persell (incorrectly identified as "Dennis Purcell"), Kelly Peterson, and Jeffery Smith's (incorrectly identified as "Jeffrey Smith") failure to perform their duties caused a delay in Plaitniff receiving medical treatment amounting to deliberate indifference to Plaintiff's medical needs; (B) Defendants Michael Schnoor (incorrectly identified as "Michael Snore"), Light, John Doe 1, John Doe 2, and John Doe 3's failure to provide medical attention or treatment caused a delay in Plaintiff receiving treatment which resulted in irreparable damage to Plaintiff's eye; (C) Defendants Persell and Peterson's failure to declare a medical emergency caused a delay in Plaintiff receiving treatment which resulted in irreparable damage to Plaintiff's eye; and (D) Defendants Zachary Fenn (incorrectly identified as "Zach Fenn") and Benjamin Witt's (incorrectly identified as "Benjamin

Whit") delay in transporting Plaintiff to a medical treatment facility resulted in irreparable damage to Plaintiff's eye. Dkt. 17.

A. <u>Exhaustion of Administrative Remedies</u>

Defendants allege Plaintiff failed to exhaust the administrative remedies available to him as to the claims alleged in his Amended Complaint. Dkt. 66, pp. 12-15.

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively

unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants' evidence shows prisoners in custody of the SCCC have a wide range of remedies available to them, including: (1) restitution of property or funds; (2) correction of records; (3) administrative actions; (4) agreement by department officials to remedy an objectionable condition within a reasonable time; and (5) a change in a local or department policy or procedure. Dkt. 67, *Dahne Decl*. ¶ 6. The regulations in place at the time of this case allowed an offender to submit an emergency complaint to any staff member, which the local grievance coordinator was responsible for. *Id*. at ¶¶ 7, 9. Emergency complaints involving a serious medical issue required that a licensed medical staff make a determination of the need for medical attention and was required to review and respond to the complaint within one hour of its submission. *Id*. at ¶ 10. If the emergency complaint was found to not constitute an emergency medical complaint, "the offender could still appeal that decision within one hour of receipt of the decision." *Id*. at ¶ 12. The offender could also file a complaint within 20 working days from the date of an incident. *Id*. at ¶ 18.

The evidence shows Plaintiff did not use the grievance process to timely appeal the SCCC's decision to initially forego declaring a medical emergency. *See* Dkt. 17, pp. 6-8; Dkt. 67, *Dahne Decl*. ¶ 17-18. Plaintiff did, however, file a grievance in connection with the incident around two and a half years later in September 2018. Dkt. 67, *Dahne Decl*. ¶ 17. Plaintiff's complaint was not accepted because "[p]er page 20 of the Offender Grievance Program [an offender] must file [a] complaint within 20 working days from the date of an incident." *Id*. at ¶ 18. Plaintiff filed an appeal of this decision, which was also denied "due to being beyond allowable timeframes." *Id*. at ¶¶ 19-20. Plaintiff appealed this decision, claiming the 20-day time limit was

1  not in place at the time of the incident, and even if it was, the incident should have constituted a
2  medical emergency, to which the time limit is not applicable. *Id*. at ¶ 21. This appeal was also
3  denied. *Id*. at ¶ 22.

4  Because the Court's decision will hinge on whether the 20-day time limit was applicable to
5  Plaintiff's incident, the Court must first determine whether the 20-day time limit was applicable.

6  First, the evidence shows that the 20-day time restraint was in place at the time of the
7  incident. Dkt. 67, *Dahne Decl*. ¶ 25 (the rules "in effect in February 2016 required [any] initial
8  complaints to be filed within 20 working days of the matter being grieved and this rule was also
9  printed on the Offender Complaint form available in February 2016."). Accordingly, Plaintiff's
10 argument that the 20-day time limit was not in place at the time of his incident is incorrect.

11 Next, Plaintiff alleges that his situation constituted a medical emergency, and thus the 20-
12 day limit is not applicable. *Id*. at 21. When Plaintiff initially approached Defendants Persell and
13 Peterson and asked them to declare a medical emergency, Plaitniff claims they told him to "check
14 back later." Dkt. 17, pp. 6-7. However, the evidence, including Plaintiff's own statements, shows
15 that Defendants Persell and Peterson contacted the medical clinic after Plaintiff asked them to
16 declare a medical emergency. Dkt. 75, *Plaintiff's Depo.* pp. 82-83. Both Defendants Persell and
17 Peterson testified that Defendant Persell contacted the medical clinic after Plaintiff's request was
18 made, and both testified that a nurse from the medical clinic instructed Plaintiff to sign up for sick
19 call so he could be seen as soon as possible. *See* Dkt. 74, *Peterson Decl*. ¶¶ 6-7; Dkt. 73, *Persell*
20 *Decl*. ¶¶ 5-6. Standard protocol at the SCCC dictates that when an offender reports an emergency
21 to staff, they are to contact the medical clinic to determine whether or not the reported situation
22 constitutes a medical emergency. Dkt. 68, *Light Decl*. ¶ 21. If the situation constitutes an
23 emergency, the offender is to be taken to the medical clinic immediately. *Id*. at ¶ 22. If the situation
24

does not consistute an emergency, the offender is advised to sign up for a sick call or to complete a Health Services kite to be seen at a leter time. *Id*. In this case, Defendants Persell and Peterson acted in accordance with the SCCC's established protocol. Plaintiff's condition was not deemed a medical emergency at that time, as demonstrated by the evidence. Thus, Plaintiff's argument that the 20-day limit did not apply because it was a medical emergency is not correct because the medical clinic initially determined that Plaintiff's condition did not constitute a medical emergency. Accordingly, Plaintiff's argument that the 20-day time limit did not apply to his situation is without merit.

Defendants assert Plaintiff's grievance was properly rejected because it was "submitted beyond the required timeframe of within 20 working days from the date of the incident complained of." Dkt. 79, p. 14; Dkt. 67, *Dahne Decl*. ¶ 18. The Court agrees. "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010); *Harvey v. Jordan*, 605 F.3d 681, 683-84 (9th Cir. 2010). Therefore, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court[.]" *Woodford*, 548 U.S. at 88 (emphasis added). Based on this evidence, the Court finds Defendants have carried the initial burden of showing the absence of exhaustion on Plaintiff's part. The undisputed evidence presented by Defendants shows there was a grievance procedure in place at the time of Plaintiff's medical issue complained of in Plaintiff's Amended Complaint, and that Plaintiff did not avail himself of this process. *See* Dkt. 67, *Dahne Decl*.

The burden now shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or

obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*quoting Albino*, 747 F.3d at 1172). Acts by prison officials preventing the exhaustion of administrative remedies may make administrative remedies effectively unavailable. *See Nunez v. Duncan*, 591 F.2d 1217, 1224-25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to the plaintiff. *Paramo*, 775 F.3d at 1191 (*citing Albino*, 747 F.3d at 1172). The Supreme Court recently held there are three circumstances in which an administrative remedy is unavailable for potential relief:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake,* 136 S. Ct. 1850, 1853–1854 (2016).

The evidence of record shows Plaintiff did not exhaust all administrative remedies available to him because he did not timely appeal the SCCC's decision to initially refrain from declaring a medical emergency. *See id.*; Dkt. 17, pp. 6-8; Dkt. 67, *Dahne Decl.* ¶ 17. In addition, the evidence shows Plaintiff was aware and familiar with the SCCC's grievance system, having filed "no less than 27 separate grievances during his period of incarceration prior to that date, of which no less than 8 were filed as emergency complaints." Dkt. 67, *Dahne Decl.* ¶ 16; Dkt. 75, *Plaintiff's Depo.* pp. 24-25. Plaintiff provided no evidence to explain "that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him…" *Williams*, 775 F.3d at 1191. Additionally, the evidence does not show that any of the three circumstances identified in *Ross* were present during the relevant time period of

this case. Because Plaintiff failed to timely appeal the SCCC's decision to initially forego declaring a medical emergency, the Court recommends Defendants' Motion be granted.

B. Defendants' other arguments

Defendants refute Plaintiff's argument that Defendants acted with deliberate indifference to Plaintiff's medical needs. Dkt. 66, pp. 15-19; *see also* Dkt. 17, pp. 17-21. Defendants also assert several Defendants are entitled to qualified immunity from Plaintiff's claims and that Plaintiff failed to allege sufficient facts to support his claims against Defendants Light, Dahne, and Gilbert. *See* Dkt. 66. However, the Court has recommended Defendants' Motion be granted because Plaintiff has not exhausted the administrative remedies available to him. Therefore, the Court declines to make determinations of these remaining defenses.

## CONCLUSION

For the reasons above, the Court recommends Defendants' Motion (Dkt. 66) be granted and Plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 20, 2020, as noted in the caption.

Dated this 12th day of November, 2020.

David W. Christel
United States Magistrate Judge