UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL JEFFERSON,<br><br>    Plaintiff,<br>v.<br><br>MARGARET GILBERT, et al,<br><br>    Defendants. | CASE NO. 19-5121 RJB-DWC<br><br>ORDER ON MOTION TO RETAX BILL OF COSTS |

THIS MATTER comes before the Court on the Plaintiff's "Motion in Response to Bill of Cost Filed by the Defendants" which should be construed as a motion to retax bill of costs. Dkt. 120. The Court has considered the pleadings filed regarding the motion and the remaining file.

On November 12, 2020, a Report and Recommendation was filed, recommending that the Plaintiff's case be dismissed because of the Plaintiff's failure to exhaust all administrative remedies available to him. Dkt. 106. The Plaintiff filed objections to the Report and Recommendation. Dkts. 109, and as amended, 110. On December 21, 2021, the Report and Recommendation was adopted after consideration of the Plaintiff's objections and the case was dismissed. Dkt. 111.

On January 12, 2021, the Plaintiff filed a motion for extension of time to file objections, which was construed as a motion for extension of time to file a motion for reconsideration of the

ORDER ON MOTION TO RETAX BILL OF COSTS - 1

Order adopting the Report and Recommendation. Dkt. 113. In that motion, the Plaintiff stated that he tested positive for COVID-19 around December 18, 2020 and was in isolation until January 8, 2021. Dkt. 113. He stated that he was not given notice of the Court's decision to dismiss the case until January 8, 2021. *Id.* He moved the Court for an order "allot[ing] [him] time to give an answer to the Report and Recommendation for reconsideration due to the facility lockdown for COVID-19 outbreak." *Id.* The Plaintiff also moved for a stay in this case contending that he did not have access to the law library. *Id.*

The Plaintiff's motion for an extension of time to file a motion for reconsideration was granted and he was given 14 days from January 13, 2021 to file his motion. Dkt. 115. The Plaintiff's motion for a stay was denied. *Id.*

On February 2, 2021, the Plaintiff again moved for a stay. Dkt. 116. On February 16, 2021, the Plaintiff's motion for a stay of the case due to COVID-19 related restrictions was denied. Dkt. 117.

The Defendants filed a motion for a bill of costs for $2,924.18 (Dkt. 114) which was granted by the Clerk of the Court on (Dkt. 119). The Plaintiff now moves to retax those costs, asks that the Court deny the Defendants' motion for a bill of costs, and that no retaliation "be enacted upon him." Dkt. 120. The Defendants did not respond to the motion.

**Decision**. Under Fed. R. Civ. P. 54 (d)(1) "costs—other than attorney's fees—shall be allowed to the prevailing party." "On its face, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1247 (9th Cir. 2014)(*internal quotation marks and citations omitted*). Factors to be considered in "denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the

case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.,* at 1247–48.

The Plaintiff's motion to retax costs (Dkt. 120) should be granted. The first and second factors, public importance of the case and closeness and difficulty of the case, neither weigh in favor nor against awarding costs. The third, fourth, and fifth factors weigh in favor of denying Defendants' costs. Awarding costs here would present a danger of chilling future actions of this nature. Further, the Plaintiff has very limited financial resources which weighs against awarding costs to Defendants. The Plaintiff is incarcerated and states that he would not be able to pay $2,924.18 in costs. "Costs are properly denied when a plaintiff would be rendered indigent should [they] be forced to pay the amount assessed." *Escriba*, at 1248. The "great economic disparity" between the parties also weighs against awarding Defendants' costs. *Id.* at 1249. The Taxation of Costs (Dkt. 119) should be vacated.

To the extent that he seeks an order that no retaliation occur, his motion (Dkt. 120) should be denied without prejudice. He makes no showing that such relief is warranted.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge David W. Christel, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of April, 2021.

ROBERT J. BRYAN
United States District Judge